IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LA'KEYA KEO, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 26-CV-648 |
| | : | |
| WAWA, | : | |
|     Defendant. | : | |

## MEMORANDUM

GALLAGHER, J.                                                                                    March 17, 2026

La'Keya Keo filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Wawa alleging her constitutional rights were violated.  Keo seeks leave to proceed *in forma pauperis*.  For the following reasons, leave to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed.

## I.    FACTUAL ALLEGATIONS[1]

Keo alleges that on January 23, 2026, she stopped at Wawa in Ephrata and used the restroom.  (Compl. at 3.)  She asserts she and her coworkers "stop at Wawa's in the mornings." (*Id.*)  She claims "they set [her] up at their store in the bathroom spying on [her] while [she] was praying."  (*Id.*)  She attached the typed page to document "the crime on scene" because there "has been ongoing hidden cyber crimes" against her.  (*Id.*)

In the attachment, which lacks punctuation, and is thus hard to follow and difficult to understand, she asserts:

---

[1] Keo's Complaint consists of the form civil rights complaint available to unrepresented litigants and an additional typed page ("Compl.").  (ECF No. 2.)  The factual allegations set forth in this Memorandum are taken from the Complaint.  The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system.

Lasered me I told them NO STOP DISRESPECTING ME THEY CAN NOT KEEP HOLDING ONTO ME LIKE THIS THEY CAN NOT PUT ANYTHING ON MY BODY THATS DISREPECTFUL AS HELL HELP ME PLEASE CONTACT ME THE FEDERAL COURTS KEEP PLAYING AROUND LIKE THEY ARE GIVING ME ASSIGNMENTS ITS BEEN SINCE 2017 LAW ENFORCEMENT NEEDS TO DO THEIR JOB WITHOUT ME HELL NO THEY LIED AND I JUST NEED TO PLEASE CALL ME MEET ME THE FEDERAL COURTS CANNOT HOLD MY  MONEY FROM ME AND ALLOW NO HIGHER AUTHORITIES TO MAKE DECISIONS BEHIND MY BACK AT ALL PLEASE HELP ME GET MY MONEY I HAVE MY CHILDREN BACK NOW I SAID ENOUGH I DESERVE MY MONEY I DONT NEED TO WAIT THEY HAD NO RIGHT I WAS PRAYING I COULD OF GOT LIGHTHEADED, OR ANYTHING TOO MUCH STRESS HOLDING WHERE THEY WANT AND WANTING TO ABUSE ME WORLDWIDE OKAY THERE THEY DID IT AGAIN THEY HAVE NO RIGHT PLEASE DONT IGNORE ME SEND THE PRESS THE MEDIA WHATEVER JUST PLEASE MEET WITH ME ADD ME LIVE ON PODCAST INTERVIEW ME AND YOU IT NEEDS TO BE DONE IMMEDIATELY THIS IS WRONG UNDER THE OATH OF ALLAH PLEASE CONTACT ME[.]

(*Id*. at 4.)

As a result of these events, she has, *inter alia*, suffered stress, depression, and anxiety and she requests $3.5 billion as relief and "that justice shall be served."[2] (*Id*. at 5.)

## II.    STANDARD OF REVIEW

The Court grants Keo leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.   Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.   A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Brown v. City of Phila.*, 750 F.

---

[2] While unclear, Keo may also seek relief in the form of filing criminal charges for the cybercrimes she alleges, which is not relief the Court can grant in a § 1983 action. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Little v. Outlaw*, No. 24-4033. 2025 WL 581164, at *10 (E.D. Pa. Feb. 20, 2025) (collecting cases and stating "private citizens do not have a constitutionally protected right to investigation of criminal charges").

App'x 171, 173 (3d Cir. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke*, 490 U.S. at 325.  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]"  *Id.* at 327-28; *see also Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Smith v. N. Cambria Police,* No. 25-1273, 2025 WL 1324070, at *1 (3d Cir. May 7, 2025) (*per curiam*) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).  A claim is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  In assessing the Complaint, the Court is mindful of its obligation to liberally construe a *pro se* litigant's pleadings.  *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc*., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).  "Jurisdictional [issues] . . . may

be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

## III.   DISCUSSION

### A.   Keo's Allegations are Factually Frivolous

The majority of Keo's allegations in her Complaint are difficult to understand and the only claim the Court is able to discern against Wawa, the sole defendant named, is that it allegedly recorded her praying in the bathroom at the Ephrata store. (Compl. at 3.) The allegations in the typed page attached to the Complaint form, while is nearly incomprehensible, seem to insinuate that unknown individuals are lasering or tracking her and law enforcement is not helping her.[3] (*Id*. at 4.)

Keo's allegations "rise to the level of the irrational or the wholly incredible[,]" *Denton*, 504 U.S. at 32, and are appropriately dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they lack a basis in fact. Federal courts routinely dismiss complaints asserting broad-based conspiracies of surveillance, tracking and the like, as factually frivolous under § 1915 where the allegations are fanciful, fantastical, delusional, irrational or wholly incredible. *See, e.g., Mina v. Chester Cnty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (agreeing with district court's frivolity determination "[g]iven [plaintiff's] efforts to connect his allegations about actions and events over approximately 20 years into a vast conspiracy against him, as well as the outlandish nature of some of his claims (such as the planting of devices on his

---

[3] Although she did not name any law enforcement officers as defendants, to the extent she intended to bring a claim for a failure to investigate the alleged crimes against her, such claim would fail. "[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Mun.*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

4

body and the defendants' revenge for his refusal to participate in the cover-up of the circumstances surrounding the death of an FBI agent's wife")); *In re Sesay*, No. 22-0082, 2022 WL 1104062, at *10-11 (E.D. Pa. Apr. 12, 2022) (finding "allegations of a widespread scheme of surveillance, wiretapping, audio/video recording, harassment, discrimination, stalking, a political sex scandal and a leaked sex tape" were irrational and wholly incredible warranting dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)); *Harley v. City of Phila. City Gov't*, No. 21-3680, 2021 WL 4844156, at *2 (E.D. Pa. Oct. 18, 2021) (dismissing as frivolous Harley's claims based on "a conspiracy by Defendants to target her with wiring, voices, and electrical activity, and to murder her"). Given the frivolity of her underlying allegations, no leave to amend will be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend . . . when amendment is inequitable or futile.").

### B. The Civil Rights Claims are Indisputably Meritless

Keo's civil rights claims are also indisputably meritless.[4] The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

---

[4] In addition to the Court's statutory authority to screen *pro se* pleadings for frivolity, the Court must also dismiss a complaint that fails to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007).

As an initial matter, the Court is unable to discern a constitutional violation based on Keo's allegations. Regardless, Wawa is a private entity rather than a "state actor" subject to liability under § 1983 for constitutional violations. "Whether a defendant is acting under color of state law – *i.e.*, whether the defendant is a state actor – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Keo alleges no factual or legal basis for concluding that Wawa is a state actor. The actions asserted against Wawa for allegedly recording her in the bathroom cannot be considered action "of the State itself." *Leshko*, 423 F.3d at 339; *see also Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) ("Significantly, [Section] 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful." (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted))). Therefore, her constitutional claims are legally meritless because Wawa is not a state actor for purposes of § 1983. *See Brett v. Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending dismissal of § 1983 claims against private individual as frivolous), *report and recommendation adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Massey v. Crady*, No. 17-

241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) (" Private citizens . . . are not state actors, and therefore. . . any § 1983 claims against [them] should be dismissed.").

### C.    State Law Claims

Having dismissed Keo's federal law claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims she intended to pursue. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.,* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'"  *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir. 1999)).

An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  Residence alone is insufficient to establish domicile.  *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely.").  Rather, "domicile is established by an objective physical presence in the

state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344.

To determine the citizenship of a corporation for purposes of diversity under § 1332, courts use the test announced by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under *Hertz*, a corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center." *Id.* at 80-81. A nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically "found at a corporation's headquarters." *Id.*

Keo provided addresses in Pennsylvania for herself and Wawa and left blank the area of the form she used that asked her provide state citizenship information.[5] (*See* Compl. at 1-3.) Thus, she has not satisfied her burden to demonstrate that the parties' citizenship is diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue. These claims, accordingly, will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Keo leave to proceed *in forma pauperis* and dismiss the Complaint. The federal claims will be dismissed with prejudice and without leave to amend as factually frivolous and legally meritless pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The

---

[5] The Court notes it appears Pennsylvania is Wawa's principal place of business. *See, e.g., David v. Wawa, Inc.,* No. 25-651, 2025 WL 2349375, at *2 (M.D. Fla. Aug. 14, 2025) ("Wawa is a citizen of New Jersey and Pennsylvania"); *Wawa, Inc. v. Mastercard Int'l, Inc.,* No. 22-3186, 2023 WL 6147177, at *1 (S.D.N.Y. Sept. 20, 2023) ("Plaintiff Wawa is a New Jersey corporation with its principal place of business in Pennsylvania."); *Finley v. Wawa, Inc.,* No. 87-5072, 1987 WL 19602, at *1 (E.D. Pa. Nov. 4, 1987) (same).

state law claims will be dismissed without prejudice, and Keo may file those claims in the appropriate state court if she chooses to do so.[6]

An appropriate Order of dismissal will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

/s/ John M. Gallagher

**JOHN M. GALLAGHER, J.**

---

[6] The Court expresses no opinion on the merits of any state law claim.